Seward, J.
.This is a suit in attachment brought by Gillett, against the Pullman Company to recover for a loss that he alleges he sustained by reason of some of his clothing being taken from a car on which he was passenger, between Buffalo and Columbus. • A motion is made to dissolve the attachment which was issued upon this petition, and the court is called upon to determine whether the attachment should be sustained or dissolved.
An attachment was issued under the section of the statute providing that attachments shall not issue except where the obligation arises upon a contract, judgment or decree; and it is claimed that this petition sounds in tort. If it sounds in tort, and is for damages growing out of a tort, then this attachment was wrongfully issued, and should be dissolved. If it is a petition sounding upon contract, and seeks to recover damages for a violation of a contract, then the attachment and the motion ought not to be sustained. The sole question is- whether this petition sounds in tort or upon contract. The petition says:
“The plaintiff for cause of action against the said defendant says that the defendant is a corporation organized under the laws of Illinois and is engaged in the business of building and operating sleeping cars over the various railroads of the United States; and in so operating said sleeping cars said company provides a conductor and a porter for each sleeping car; that it is the duty of said porter to make up the berths in the various sections in said sleeping ear, to keep said car in order and to look after and protect property of the Pullman Company and the property of the patrons of s-aid company, who are occupying the sections and berths of said cars.
“Plaintiff further says that on the evening of the 17th day of November, 1909, he purchased a ticket from the agent of the Pullman Company entitling him to the lower berth of ear No. 57 on train No. 9, scheduled to leave Buffalo at 11:15 in the night time.
“Plaintiff further says that about the time scheduled for said train to depart, he entered said car, and shortly thereafter entered the berth which he had purchased for the night; that during the night season there was removed from his berth clothing, consisting of an overcoat and another coat; that the same *594 were stolen and that a loss was occasioned and theft made possible by reason of the carelessness and negligence of the agents of the said defendant, the Pullman Company.
“That said porter during the run of said car and before it arrived at the destination of the plaintiff, to-wit, Columbus, Ohio, to which point the ticket plaintiff purchased entitled him to ride in the ear of defendant, was- guilty of negligence in leaving said car while it was not in motion -and was standing at the station open so that persons other than those holding berths had free access to said car.
“That by virtue of the foregoing plaintiff has been damaged in the sum of one hundred and thirty-two and 50-100 dollars. Wherefore plaintiff .asks judgment -against the said defendant for $132.50 with interest.”
The court is forced to the conclusion that this petition is a petition sounding in tort, and not upon contract.
There is no allegation here that the Pullman Company contracted to carry Mellville Gillett from Buffalo to Columbus; but there is an allegation that a tort was committed, and he seeks to recover damages for that tort; the damages being placed at the value of the clothing lost by him.
And so there is nothing for the! court to do but to sustain this motion. Exceptions are noted.